UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| AUNDREA S. BROOKS, <br><br> Plaintiff, <br><br> v. <br><br> GENESIS PROJECT and UNITED STATES OF AMERICA, <br><br> Defendants. | **REPORT AND RECOMMENDATION TO DISMISS COMPLAINT (DOC. NO. 4)** <br><br> Case No. 2:19-cv-00643-RJS-DAO <br><br> Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Aundrea S. Brooks, proceeding *in forma pauperis*, filed this action against Genesis Project and the United States of America on September 17, 2019. (Compl., Doc. No. 4.)

Upon review of the Complaint under 28 U.S.C. § 1915(e)(2)(B), it is evident Ms. Brooks' Complaint is frivolous and fails to state a plausible claim for relief. Accordingly, as explained below, the undersigned[1] RECOMMENDS the district judge DISMISS Ms. Brooks' Complaint.

LEGAL STANDARD

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may "dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts [s]he has

---

[1] On May 27, 2020, District Judge Dee Benson referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 6.) On December 10, 2020, the case was reassigned to District Judge Robert J. Shelby, who affirmed the order of reference. (Doc. Nos. 12 & 13.)

1

alleged and it would be futile to give [her] an opportunity to amend." *Phillips v. Layden*, 434 F. App'x 774, 775 (10th Cir. 2011) (unpublished) (alterations in original) (internal quotation marks omitted).

In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). This standard applies to "'claim[s] based on an indisputably meritless legal theory' or 'claims describing fantastic or delusional scenarios.'" *Johnson v. Doe*, 741 F. App'x 573, 576 (10th Cir. July 10, 2018) (unpublished) (alteration in original) (quoting *Neitzke*, 490 U.S. at 327)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

incredible." *McEntire v. Federated Inv. Mgmt.*, 510 F. App'x 792, 793 (10th Cir. Feb. 13, 2013) (unpublished) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

Because Ms. Brooks proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall*, 935 F.2d at 1110). While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

DISCUSSION

Ms. Brooks' Complaint makes the following allegations related to Defendant Genesis Project: "Because of my politics Genesis has totally destroyed my life[,] poisoned me at Denny's restaurant two locations[,] hired thugs to beat me[,] destroyed hearing in left ear [and] face[,] stalke[d] hacked and tracked." (Compl. ¶ 1(a), Doc. No. 4.) Similarly, the Complaint makes the following allegations related to the United States: "Because of my politics U.S.A. has totally destroyed my life[,] poisoned me at Denny 2 locations S.L.C., later Utah hired thugs to beat me[,] destroy hearing in left ear, and face[,] hacked and tracked phone." (*Id.* ¶ 1(b).) The Complaint asserts that Genesis is a contractor for the United States government. (*Id.* ¶ 3.) In a

3

separate page attached to her Complaint, Ms. Brooks states that "hired thugs" destroyed the left side of her face, started fights with her, and had her arrested for protecting herself, and that she is on probation because they ruined her life. (*Id.*, Doc. No. 4 at 7.) The Complaint indicates the case is brought under section 1983 of Title 42 of the United States Code. (*Id.* ¶ 1.) Ms. Brooks requests relief in the amount of one hundred million dollars. (*Id.*, Doc. No. 4 at 8.)

Even liberally construed, Ms. Brooks' allegations are frivolous and fail to state a claim for relief against the United States or Genesis Project. As an initial matter, Ms. Brooks does not adequately identify or explain what "Genesis Project" is, other than alleging it is a government contractor. Ms. Brooks also offers no factual development in support of her allegation that Genesis Project or the United States hired thugs to beat her up. Indeed, this allegation is inconsistent with her later statement that the thugs were hired by "Utah." In other words, Ms. Brooks fails to adequately allege a connection between the named defendants and the "thugs" who allegedly harmed her. Her allegations that she was stalked, hacked, and tracked are likewise unsupported by factual development connecting these actions to the named defendants.

Mr. Brooks purports to bring her claims under section 1983, which provides a cause of action for violations of constitutional rights by persons acting under color of state law. 42 U.S.C. § 1983. However, the United States is not a "person" for purposes of section 1983. *Martinez v. Internal Revenue Serv.*, 1998 U.S. Dist. LEXIS 19575, at *2 (D. Utah Nov. 4, 1998) (unpublished); *Vargo v. Hadden*, 1995 U.S. Dist. LEXIS 13676, at *6 (D. Utah Sept. 7, 1995) (unpublished) (citing *Dist. of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973)). Moreover, the complaint does not allege facts showing Genesis Project was acting under color of state law. Thus, Ms. Brooks fails to state a claim for relief under section 1983.

In sum, Ms. Brooks' allegations are frivolous and fail to state a claim for relief against the United States or Genesis Project.  The court held a hearing on June 16, 2020 to address the deficiencies in the Complaint with Ms. Brooks, but she did not appear. (Doc. No. 10.)  For the reasons set forth above, the undersigned RECOMMENDS the district judge DISMISS Ms. Brooks' Complaint (Doc. No. 4).

## RECOMMENDATION

The undersigned RECOMMENDS the district judge DISMISS Ms. Brooks' Complaint (Doc. No. 4).  The court will send copies of this Report and Recommendation to Ms. Brooks, who the court notifies of her right to object to the same.  *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  Ms. Brooks must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.  *Id.*  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 9th day of April, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge